**J.W.B., Respondent,**

v.

**A.M.B., Appellant.**

**No. 42864.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 2, 1982.

James A. Blackwell, St. Charles, for respondent.

Donald S. Hilleary, Clayton, Robert M. Shea, St. Charles, for appellant.

SIMON, Judge.

An appeal from a denial of motion for modification of a decree of dissolution.

Pursuant to a decree of dissolution of the marriage of the parties, respondent ("Father") was granted permanent custody of their two children. Appellant ("Mother") was granted visitation rights from 7:00 A.M. until 9:00 A.M. on Father's working days until he remarries, temporary custody on alternating weekends and holidays and for two weeks during the summer. Mother was also granted the right to visit at such other times and places as mutually agreed upon with reasonable notice given by Mother.

Mother filed a motion to modify the decree seeking permanent custody of the children and the Father answered and also moved to modify the temporary custody and residency provisions of the decree. The trial court denied both motions to modify and Mother appealed.

Mother relies upon three allegations of error committed by the trial court: (1) that the weight of the evidence demonstrates a change occurring in the circumstances of the children and Father that a modification is necessary to serve the best interests of the children; (2) that out of court statements by the children to Mother were erroneously excluded from evidence contrary to the "state of mind" exception of the hearsay rule; and (3) that testimony of Mother's conversation with two of the children's babysitters was erroneously excluded from ev-

idence contrary to the "declarations of an agent" exception to the hearsay rule.

In order to demonstrate the affect that cessation of her morning visitations had on the children, Mother sought to introduce evidence of conversations she had with the children. The trial court excluded this testimony as hearsay.

The Mother further alleges that the trial court erred in ruling inadmissible Mother's conversations with two of the babysitters. The Mother argues that the conversations are admissible as admissions by an agent of Father.

The evidence reveals that Father is gainfully employed, provides the children with a clean and healthy environment, possesses the love and affection of his children and treats his children with reciprocal love and affection.

Modification of a child custody decree is justified upon the basis of facts that have arisen since the original decree or that were unknown at that time that a change has occurred in the circumstances of the children or the custodian which necessitates modification in order to serve the best interests of the children. Section 452.410 RSMo.1978.

Assuming, without deciding, that the trial court erred in excluding the children's and the babysitters' statements, our review of the record confirms that the judgment of the trial court is not against the weight of the evidence even if the excluded evidence were admitted. See *J.A.A. v. A.D.A.*, 581 S.W.2d 889, 896 (Mo.App.1979); Rule 73.-01(c)(3) (1982). The trial court's judgment is supported by substantial evidence and did not result from an erroneous declaration or application of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). An extended opinion would not provide any precedential value. Rule 84.16(b) (1982).

Judgment affirmed.

DOWD, P. J., and GUNN, J., concur.